# Hall et al. v. New England Mutual Life Insurance Company et al.

*Enoch C. Filer*, for plaintiffs.

*Joseph A. DeSantis*, for defendants.

EVANS, P. J., April 10, 1950.—This matter is before us as a case stated for the purpose of construing a life insurance contract to determine the beneficiary of proceeds of the contract issued on the life of Harold G. Hall.

On November 15, 1922, Harold G. Hall secured a $50,000 insurance policy from the New England Mutual Life Insurance Company and designated his wife, Gladys Alvira Hall, as beneficiary if she survived him; otherwise the proceeds were designated to his executors, administrators or assigns.

Subsequently, Harold G. Hall provided for the payment of periodic installments to his wife for life and later to his four children or their heirs, per stirpes. On May 20, 1935, the insured and his wife assigned the policy to the First National Bank of Erie as collateral security for a loan. On or about November 2, 1935, the insured filed a request with the insurer to exchange the $50,000 policy for one in the amount of $12,000. On the printed form: "Request for Exchange of Policy", answering question no. 10, which is, "to

whom payable," etc., the insured caused to be inserted the answer "omit". To some of the other questions he designated the word "same". The insured died testate May 1, 1949, and the administrators c. t. a. claimed the proceeds of the policy.

The insured's widow and four children are sui juris, and his grandchildren are represented by Joseph De-Santis, Esq.

The administrators contend that by inserting the word "omit" in the place provided for the designation of a beneficiary, the insured indicated an intention to name none. Argument is made that it is not conceivable that testator intended that, after the death of his wife, his children should continue, throughout the balance of their lives, to receive very insignificant installments which would be available under the policy as reduced. We believe this argument sound, particularly when considered with the fact that the policy was pledged for a loan which remained unpaid at the time of insured's death. The word "omit" means, according to Webster's Dictionary, "To leave out or unmentioned; not to insert, include, or name".

It is our duty in this type of case to endeavor to determine testator's real intention: that is, whether he intended the old restrictions on payment of the principal sum to continue or, under the circumstances, to be ignored entirely. The word "omit" as indicated above implies the latter intention, and to us that appears to be a reasonable interpretation when considered with all of the circumstances. We therefore conclude that the contract, as between the insurer and the insured at the time of his death, was for the payment of the proceeds due under life insurance contract no. 464,546 in the amount of $10,676.01 to Gladys B. Hall and Frederick B. Hall, administrators c. t. a. under the last will and testament of Harold G. Hall, deceased.

And now, to wit, April 10, 1950, judgment is entered for plaintiffs for $10,676.01. Plaintiffs shall pay the costs of this proceeding. .